**In re Petition for DISCIPLINARY ACTION AGAINST David J. HABERMAN, an Attorney at Law of the State of Minnesota.**

No. C3–94–2092.

Supreme Court of Minnesota.

May 18, 1995.

*ORDER*

WHEREAS, the Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent David J. Haberman neglected an adoption matter in which he was retained, failed to respond to his clients' inquiries regarding the matter, and, after moving to another city and advising the clients to obtain a different attorney to pursue the matter, failed to transfer the file to the new attorney, and further, that respondent failed to respond to and cooperate with the Director's office in investigating the matter, and

WHEREAS, the respondent has unconditionally admitted the allegations of the petition, has waived any rights he has pursuant to Rule 14, Rules on Lawyers Professional Responsibility, and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is a public reprimand and imposition of a 2–year supervised probation period with conditions; and

WHEREAS, this court has independently reviewed the record and agrees that the conduct admitted to by respondent warrants the agreed to disposition,

IT IS HEREBY ORDERED that respondent David J. Haberman is publicly reprimanded and is placed on a 2–year supervised probation period subject to the following stipulated to conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date [of this order]. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph d. below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. Within 30 days from the execution of this stipulation, respondent shall provide to the Director and to the probation supervisor, if any, a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Respondent shall provide progress reports as requested.

f. In the event respondent applies for employment as a lawyer, respondent shall inform any prospective public employer about the terms and conditions of this probation.

g. Respondent shall pay $750 in costs pursuant to Rule 24(a), RLPR, and $108.20 as disbursements pursuant to Rule 24(b), RLPR.

BY THE COURT:

/s/ M. Jeanne Coyne
M. Jeanne Coyne
Associate Justice